UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-CR-0048-CVE |
| ) | (19-CV-0710-CVE-FHM) |
| ) | |
| FELICIANO VILLARRUEL-CABRE, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On December 23, 2019, defendant Feliciano Villarruel-Cabre, a federal prisoner appearing pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 44). Section 2255 provides that "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Plaintiff filed a motion to dismiss defendant's § 2255 motion (Dkt. # 53) based on defendant's waiver of the right to bring substantive challenges on collateral review.[1]

---

[1] Defendant has not filed a reply in support of his § 2255 motion or a response to the motion to dismiss, and his time to do so has expired.

I.

On April 2, 2019, a grand jury returned a superseding indictment[2] charging defendant with reentry of removed alien, in violation of 8 U.S.C. § 1326 (count one); aggravated identity theft, in violation of 18 U.S.C. § 1028A (count two); and failure to register as a sex offender, in violation of 18 U.S.C. § 2250 (count three). Dkt. # 21. Defendant was arraigned on the superseding indictment on April 10, 2019. Dkt. # 28. Defendant was found to be indigent, and the Court appointed an attorney to represent him. Dkt. # 8.

On May 8, 2019, with the assistance of an interpreter, defendant pleaded guilty to counts one and two with a Federal Rule of Criminal Procedure 11(c)(1)(C) written plea agreement.[3] Dkt. # 36. It was stipulated by defendant, his counsel, and plaintiff that the appropriate disposition of defendant's case was a sentence of 46 to 57 months imprisonment as to count one, and 24 months imprisonment as to count two, to run mandatorily consecutive to count one. Id. at 14. In his signed petition to enter plea of guilty, defendant acknowledged that he had received a copy of the superseding indictment, had discussed it with his attorney, and fully understood every charge made against him. Dkt. # 35, at 1. He further acknowledged that count two would subject him to a mandatory minimum sentence of two years imprisonment, and that the sentence as to count two must run consecutively to any other term of imprisonment. Id. at 3. Finally, defendant acknowledged that the maximum sentence for count one was twenty years imprisonment. Id. In his plea agreement,

---

[2]   The original indictment (Dkt. # 13) charged only one count. Counts two and three were added in the superseding indictment (Dkt. # 21).

[3]   Count three was dismissed at sentencing. Dkt. # 41.

defendant signed an appellate and post-conviction waiver. Dkt. # 36, at 2-3. Defendant acknowledged:

> a.  [He] waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a); except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum;
>
> . . .
>
> c.  [He] waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel.
>
> [He] expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waives those rights as set forth above.

Id. at 3-4. In the stipulations paragraph of his plea agreement, defendant acknowledged that

> Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the appropriate disposition of this case is a sentence of 46 to 57 months imprisonment for Count One, 24 months imprisonment for Count Two to run consecutive to Count One, and three years of supervised release. This stipulated sentence departs from the anticipated guideline calculation for the violations to which the defendant is pleading guilty. The parties agree that this sentence is appropriate because it recognizes the seriousness of the offense [sic] and conserves government resources. This resolution avoids a trial involving the expenditure of resources and numerous government witnesses. Accordingly, this sentence serves the ends of justice.

Id. at 14. On the last page of his plea agreement, defendant signed a statement that

> I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

Id. at 17.

At his change of plea hearing, defendant confirmed that the superseding indictment, plea agreement, and petition to enter plea of guilty had been read to him in Spanish, and that he had discussed the terms of the plea agreement with his counsel before signing it. Dkt. # 52, at 4, 9-10. The Court asked defendant whether he could think of any understanding that he has with the United States in this case that is not in the plea agreement, and defendant answered, "No. Everything is good, everything is perfect." Id. at 11. He stated that he understood the terms of the plea agreement, and that no one offered him any other or different promises or assurances of any kind that are not in the plea agreement. Id. He admitted that he was pleading guilty of his own free will because he is guilty. Id. Defendant acknowledged that he understood that if, at sentencing, the Court chose not to follow the terms of the plea agreement, it would give defendant the opportunity to withdraw his plea of guilty. Id. at 12. Defendant acknowledged that the sentence the Court may impose may include terms of imprisonment as to count one of not more than twenty years, and as to count two not less than two years consecutive to any other term of imprisonment. Id. at 13. Defendant verified that he had discussed the sentencing guidelines with his counsel and how they might affect his case. Id. at 19. Defendant acknowledged that, by entering the plea agreement and a plea of guilty, he was waiving or giving up certain appellate and post-conviction rights, including knowingly and voluntarily agreeing to waive the right to directly appeal his conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a), except that he reserves the right to appeal from a sentence that exceeds the statutory maximum. Id. at 19-20. He also stated that he understood that he was knowingly and voluntarily agreeing to waive his right to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel. Id. at 20. He acknowledged that his counsel had explained his appellate and post-conviction rights, that

4

he understood those rights, and that he knowingly and voluntarily waived those rights. Id. at 20-21. The Court verified that defendant understood his Sixth Amendment rights to a jury trial, and that he wished to waive those rights knowingly and voluntarily. Id. at 23-25. The Court asked defendant if he and his counsel had discussed the role of aggravating facts or sentencing factors that could enhance his sentence. Id. at 23. Defendant confirmed that he had, and that he understood "that an aggravating fact or sentencing factor includes all relevant conduct associated with [his] criminal conduct that can increase [his] sentence." Id. The Court confirmed that defendant understood that, by waiving his rights to a jury, he was waiving his right to have any aggravating fact or sentencing factor submitted to a jury and proven beyond a reasonable doubt. Id. Defendant agreed, and indicated that he understood that, instead, the Court would determine whether any alleged sentencing factors that could increase his sentence had been proven. Id. at 24. After this colloquy, defendant signed a Waiver of Jury, indicating that he desired "to voluntarily give up [his] right to a jury in all respects, both as to the determination of guilt or innocence and as to sentencing." Id. at 24-25.

The Court reviewed with defendant each element of each offense to which defendant was pleading guilty, and defendant admitted the factual basis underlying those two offenses. Id. at 27-30. The Court next reviewed the stipulations in paragraph 22 of the plea agreement. Id. at 30. Defendant acknowledged that he "understand[s] that [he] and [his] attorney and the United States are stipulating and agreeing that pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the appropriate disposition in this case is a sentence of 46 to 57 months' imprisonment for Count One, and 24 months' imprisonment for Count Two to run consecutively to Count One." Id. at 31. Defendant acknowledged that the "stipulated sentence departs from the anticipated guideline range for the violations to which [he was] pleading guilty." Id. And he said that he understood that he was

5

"agreeing that this sentence is appropriate because it recognizes the seriousness of the offenses and conserves government resources." Id.

On July 24, 2019, the Court sentenced defendant to 46 months as to count one and 24 months as to count two, for a total of 70 months. Dkt. # 41. Judgment was entered on July 24, 2019 (Dkt. # 42), and defendant did not appeal the conviction or sentence.

Defendant moves to vacate his sentence under 28 U.S.C. § 2255, with an attached unsworn "affidavit," which reiterates defendant's challenges to his sentence. Dkt. ## 44, 45. His two grounds for relief in his motion are stated by him as:

- Ground One: "I contest the criteria the District Cour[t] used to impose[] a[n] UPWARD-VARIANCE based [o]n my criminal recor[d] 8 U.S.C. § 1326[b](2) because . . . the indictment did not all[e]ge it"; and

- Ground Two: "I contest the imposition of the [o]ffense 18 U.S.C. [§] 1028(A)(1) Aggravated Identity Theft, but I commit the Offense Code []160 18 [U.S.C. §] 1028A(A)(1) FRAUD IDENTITY THEFT."[4]

Dkt. # 44, at 4-5. In the supporting facts and direct appeal sections of Ground One, defendant makes reference to his counsel's inability to give him reasonable answers as to why he could not appeal based on these challenges. Id. at 4. In the direct appeal section of Ground Two, defendant states that his lawyer advised him that the appeal would not help him, and his lawyer allegedly did not take the time to explain to him the difference between aggravated and regular identity theft. Id. at 6. In addition, at the end of his motion, defendant asks the Court to accept his claim "based on the ineffectiv[e] and wrong advi[c]e of [his] lawyer . . . ." Id. at 12. The Court reads defendant's substantive claims as collateral attacks of his conviction. However, to the extent defendant makes

---

[4] In other parts of defendant's motion, he appears to suggest that he should have been charged with 18 U.S.C. § 1028 rather than 18 U.S.C. § 1028A. See Dkt. # 44, at 1, 5.

arguments about ineffective assistance and wrong advice of counsel, the Court will address that claim in a separate opinion and order, after plaintiff and defendant have fully briefed the issues.

## II.

The Court turns to the substantive claims in Grounds One and Two of defendant's § 2255 motion. Plaintiff moves to dismiss these claims on the ground that defendant waived his right to bring substantive challenges on collateral review. Dkt. # 53, at 10. Plaintiff argues that defendant's claims fall within the scope of his waiver of appellate and post-conviction rights. Id. at 11. Plaintiff also argues that defendant knowingly and voluntarily pleaded guilty and waived his right to collaterally attack his sentence for reasons other than ineffective assistance of counsel. Id. Finally, plaintiff argues that enforcing the waiver would not result in a miscarriage of justice. Id. at 13.

In his plea agreement, defendant signed an appellate and post-conviction waiver. Dkt. # 36, at 2-3. In it, defendant acknowledged that he "waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a); except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum; . . . [t]he defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel." Id. at 3. He also "expressly acknowledge[d] that counsel has explained his appellate and post-conviction rights; that [he] understands his rights; and that [he] knowingly and voluntarily waives those rights as set forth above." Id. at 4. At the change of plea hearing, defendant acknowledged that, by entering a plea agreement and plea of guilty, he was waiving or giving up certain appellate and post-conviction rights, including knowingly and voluntarily agreeing to waive the right to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel. Dkt. # 52, at 19-20. He

7

acknowledged that his counsel had explained his appellate and post-conviction rights, that he understood those rights, and that he knowingly and voluntarily waived those rights. Id. at 20-21. Defendant cannot assert his claims if his waiver of collateral attack under § 2255 for claims other than ineffective assistance of counsel is valid. See United States v. Morrison, 415 Fed. App'x 860, 862 (10th Cir. 2011) ("[A]ll claims other than the ineffective assistance of counsel claim . . . fall within the scope of [the] waiver.").[5]

To determine whether a waiver is valid, a court must "determine: (1) whether the disputed [collateral attack] falls within the scope of the waiver . . . ; (2) whether the defendant knowingly and voluntarily waived his [collateral attack] rights; and (3) whether the waiver would result in a miscarriage of justice." United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam) (reviewing waiver of appellate rights); see also United States v. Cockerham, 237 F.3d 1179, 1182-83 (10th Cir. 2001) (holding that the enforceability of an appellate waiver is analyzed under the same standard as the enforceability of a collateral attack waiver). The first prong—scope of the waiver—requires the court to "strictly construe appeal waivers and any ambiguities in these agreements . . . against the Government and in favor of defendant's appellate rights." Hahn, 359 F.3d at 1325 (internal quotation and brackets omitted). The Court "will hold a defendant to the terms of a lawful plea agreement." Id. at 1328. Signing a broad waiver of collateral attack rights in a plea agreement signifies that the disputed collateral attack falls within the scope of the waiver. Id. The second prong—knowingly and voluntarily waiving the right to collaterally attack a conviction other than for ineffective assistance of counsel—requires the court to look at two

---

[5]  This decision is not precedential, but may be cited for its persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

factors: the language in the plea agreement and an adequate plea colloquy. Id. at 1325; see also Morrison, 415 F. App'x at 863. The third prong—miscarriage of justice—requires the court to look at four situations: (1) "where the . . . court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful." Hahn, 359 F.3d at 1327 (internal quotation omitted).

As to the first prong, defendant signed a broad waiver in the plea agreement of his right to collaterally attack his sentence for reasons other than ineffective assistance of counsel, and acknowledged this waiver in the plea colloquy. First, in the plea agreement, he stated that he "waive[d] the right to collaterally attack the conviction pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel." Dkt. # 36, at 3. And in the plea colloquy, defendant acknowledged that, by entering a plea agreement and plea of guilty, he was waiving or giving up certain appellate and post-conviction rights, including knowingly and voluntarily agreeing to waive the right to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel. Dkt. # 52, at 19-20. The Court finds that defendant's disputed collateral attack falls within the scope of the waiver.

As to the second prong, the Court finds that defendant knowingly and voluntarily waived his right to collaterally attack his conviction. At the change of plea hearing, defendant acknowledged that, by entering the plea agreement and a plea of guilty, he was waiving or giving up certain appellate and post-conviction rights, including knowingly and voluntarily agreeing to waive the right to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel. Dkt. # 52, at 19-20. He acknowledged that his counsel had

explained his appellate and post-conviction rights, that he understood those rights, and that he knowingly and voluntarily waived those rights. Id. at 20-21. The Court found that, "based upon defendant's admissions, demeanor, and responsive answers" that his "pleas of guilty [were] knowing and voluntary pleas supported by independent bases in fact containing each of the essential elements of each offense." Id. at 35. The Court carefully ascertained that defendant understood that, by waiving his right to jury, he was waiving his right to have any aggravating fact or sentencing factor submitted to a jury. Id. at 23. Defendant also stated in his plea agreement that "[n]o other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement." Dkt. # 36, at 17. Further, defendant is mistaken that 18 U.S.C. § 1326(b)(2) "stated an essential element" that the Court was required to warn defendant about before he pleaded guilty. See Almandarez-Torres v. United States, 523 U.S. 224, 247 (1998) (rejecting a claim that "recidivism [under 18 U.S.C. § 1326(b)(2)] must be treated as an element of [the] offense.").

As to the third prong, the Court finds that enforcing the waiver will not result in a miscarriage of justice. The Court did not rely on any impermissible factors, such as race, in sentencing defendant. Defendant received a sentence well below the statutory maximum. Dkt. # 36, at 12. There is also no indication that defense counsel acted improperly in negotiating the waiver. Defendant represented both in the plea agreement and in the change of plea hearing that he was satisfied with defense counsel's representation. In the plea agreement, he signed a statement that he was "satisfied with the representation of [his] attorney in this matter." Id. at 17. Defendant "expressly acknowledge[d] that counsel ha[d] explained his appellate and post-conviction rights; that [he] underst[ood] those rights; and that [he] knowingly and voluntarily waive[d] those rights." Id.

at 4.  In the plea colloquy, defendant acknowledged that, by entering a plea agreement and plea of guilty, he was waiving or giving up certain appellate and post-conviction rights, including knowingly and voluntarily agreeing to waive the right to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel.  Dkt. # 52, at 19-20.  And defendant had the opportunity to discuss with defense counsel the pre-sentence report and file objections to it prior to sentencing.  Id. at 36.  For all of the reasons just discussed, the Court finds that defendant's waiver of his right to collaterally attack his conviction and sentence is valid.[6]  Therefore, defendant's substantive claims in Grounds One and Two of his § 2255 motion have been waived, and should be dismissed.

**IT IS THEREFORE ORDERED** that plaintiff's motion to dismiss defendant's § 2255 motion (Dkt. # 53) is **granted** as to the substantive issues raised in Grounds One and Two of defendant's § 2255 motion.  Grounds One and Two of defendant's § 2255 motion (Dkt. # 44) are **dismissed in part** to the extent that he makes substantive challenges to his conviction; but **remains pending** as to any ineffective assistance of counsel issues.

**IT IS FURTHER ORDERED** that, to the extent any ineffective assistance of counsel issues are raised in Grounds One and Two of defendant's § 2255 motion, plaintiff shall file a response **within 14 days of this date**, and defendant may file a reply **within 30 days of plaintiff's response**.

**DATED** this 22nd day of June, 2020.

                                                    CLAIRE V. EAGAN
                                                    UNITED STATES DISTRICT JUDGE

---

[6]   In addition, because defendant did not appeal and raise these claims on direct appeal, they are procedurally barred.  United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994).